IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CYNTHIA L. BROMLEY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | JUDGE |
| ) | MAGISTRATE JUDGE |
| DH COOPERATIVE, INC. d/b/a DANAHER ) | |
| BUSINESS SYSTEMS and NMTC INC. d/b/a ) | |
| MATCO TOOLS, ) | Jury Demand |
| ) | |
|    Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and submits her Complaint against Defendants. Plaintiff alleges as follows:

1. Plaintiff, Cynthia Bromley, is a citizen and resident of Rutherford County, Tennessee.

2. Defendant DH Cooperative, Inc. d/b/a Danaher Business Systems is a foreign for-profit corporation doing business in the State of Tennessee. Its principal office is located at 2200 Pennsylvania Avenue NW, Suite 800W, Washington, D.C. 20037. It can be served through its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

3. .Defendant NMTC Inc. d/b/a Matco Tools is a foreign for-profit corporation and a subsidiary of Defendant Danaher. Its principal office is located at 4403 Allen Rd., Stow, OH 44224. It can be served through its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

1

## JURISDICTION

4. All of the events complained of herein occurred in this Judicial District and the Defendant Matco Tools is an entity doing business herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

5. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1367. The Court has jurisdiction over the lawsuit in that it arises under Americans with Disability Act Amendments Act of 2008, 42 U.S.C. § 12117(a) and the Family Medical Leave Act.

## FACTS

6. Plaintiff was hired by Matco Tools as a temporary employee in October 2009. In October 2013 she was made a permanent employee.

7. Plaintiff is a white female.

8. Plaintiff suffers from a medical condition known as Chronic Obstructive Pulmonary Disease ("COPD"). This chronic disease causes shortness of breath, especially with activity, difficulty inhaling or exhaling completely, and/or a constant cough.

9. Ms. Bromley further suffers from low serum sodium levels (hyponatremia), which causes headache, nausea and at times abdominal pain and vomiting.

10. Plaintiff is an individual with a disability or perceived as having a disability as defined by 42 U.S.C. §12102.

11. Due to her medical condition COPD, Plaintiff was prescribed by her physician an inhaler and nebulizer, for use daily.

12. Plaintiff requested accommodations at work including a private room to use her nebulizer and inhaler. She was denied this accommodation and was forced to administer these treatments in the company break room while standing.

13. Plaintiff further requested an accommodation of different job duties. At that time her essential functions included order picking, lifting up to fifty pounds, and continuous walking for up to 10 hours. She asked to scan tickets or pack lighter tools. Instead she was denied these requests and forced to work in busier zones and handle heavy tools; these activities exacerbated her medical conditions.

14. Non-disabled employees were permitted to perform the tasks Plaintiff requested as an accommodation, such as scanning tickets or packing lighter tools. Plaintiff felt that newer, black employees were treated better and given preferential treatment by managers at Matco.

15. Plaintiff also requested, as an accommodation, to be transferred to a different department at Matco. This request was also denied.

16. In February 2013, Plaintiff submitted an application for intermittent leave protected by FMLA, due to her COPD and hyponatremia.

16. On April 29, 2013 Plaintiff had a sudden, heavy bout of coughing and was in such severe pain she fell to the floor. She had been very busy at work and had exerted herself to the extent it triggered the coughing bout and led to severe pain in her chest.

17. In May 2013 Plaintiff applied for short-term disability. She dearly needed her job to cover her medical and other household bills. Matco's Human Resources representative, Carol Hidalgo, wrote a letter to the short-term disability provider in support of Ms. Bromley being granted short-term disability so that she could recover in order to return to work.

18. However Plaintiff was denied short-term disability. She continued to use intermittent FMLA leave.

19. Ms. Hidalgo, as a Human Resources representative, was charged with keeping an accurate count of the hours attributed to FMLA leave.

20. On November 8, 2013 Plaintiff was at home, having used FMLA leave that day. She received a phone call from Ms. Hidalgo and Ms. Hidalgo left a voicemail stating that she had not kept an accurate count of the hours attributable to FMLA leave. In a follow-up letter dated November 8, Ms. Hidalgo stated that Plaintiff had exceeded the allotted 480 hours by 100, for a total of 580 hours attributed to FMLA leave since February 2013.

21. In the same November 8, 2013 letter, Ms. Hidalgo informed Ms. Bromley that any future absences would result in attendance points.

22. By November 20, due to absences caused by deteriorating health condition, Plaintiff had accumulated 7 points. On November 20, 2013, fearful for her job, Plaintiff went into work but was only able to work two hours before she was overcome and her supervisor sent her home due to her health conditions.

23. That same day, Plaintiff was terminated due to her absences.

24. Plaintiff filed a charge of discrimination with the EEOC and was subsequently issued a Right to Sue letter.

## COUNT ONE
## VIOLATIONS OF THE AMERICANS WITH DISBILITIES ACT AMENDMENTS ACT

25. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 24.

26. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute violations of the Americans with Disabilities Act Amendments Act of 2008,

which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

## COUNT TWO
## RETALIATION FOR EXERCISING RIGHTS UNDER FMLA

27. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 24.

28. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute violations of the rights afforded to her under the Family Medical Leave Act, which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction enjoining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of disability.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

5

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES


  /s/ Andy L. Allman
ANDY L. ALLMAN,  BPR No.17857
103 Bluegrass Commons Blvd.
Hendersonville, TN   37075
Telephone:     (615) 824-3761
Facsimile:      (615) 824-2674
andylallman@comcast.net